# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 28, 2016

```
* * * * * * * * * * * * * * *
CANDIE DECKER, on behalf of      *
her minor child, A.D.,           *          No. 15-17V
                                 *
            Petitioner,          *          Special Master Hamilton-Fieldman
                                 *
v.                               *          Interim Attorneys' Fees and Costs
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
            Respondent.          *
* * * * * * * * * * * * * * *
```

Andrew Donald Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
Lara Ann Englund, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 7, 2015, Candie Decker ("Petitioner"), on behalf of her minor child A.D., filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that she suffers from amenorrhea, Hashimoto's Thyroiditis, and premature ovarian failure as a result of the administration of a Hepatitis A ("Hep A") vaccine on July 16, 2013.

On May 13, 2016, Petitioner filed an application for interim attorneys' fees and costs. Pet'r Mot., ECF No. 39. Petitioner argued that she brought her claim in good faith and that she had established a reasonable basis for her claim, per the statutory requirement of § 15(e)(1).

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Petitioner noted that the case had already been pending for sixteen months by May of 2016. Petitioner also argued that her attorneys' use of experts and their status as a small law firm created an undue hardship for Petitioner, thus entitling her to interim attorneys' fees and costs. In her application, Petitioner noted, and showed with billing statements, that she had incurred $26,589.50 in attorneys' fees and $18,908.98 in costs, amounting to a total of $45,498.48. Of those costs, $18,100.00 was spent for the expert and supplemental expert reports of Dr. James Wheeler.

Respondent objected to Petitioner's Application for Interim Attorneys' Fees. Resp't Resp., ECF No. 40. Respondent argued that Petitioner was not entitled to interim attorneys' fees and costs because the original petition "was filed less than 18 months prior to the filing of the Fee Application," thus the proceedings have not been protracted. *Id.* at 5. Respondent further noted that the retention agreement signed by Petitioner and her counsel was not "excessively 'costly,'" and that the hardship was experienced by Petitioner's counsel, not Petitioner herself, thus not qualifying Petitioner for interim attorneys' fees and costs. Without waiving her objection, Respondent argued that an appropriate award of attorneys' fees and costs if awarded would be between $23,000.00 and $32,000.00.

Petitioner filed her reply on June 3, 2016. Pet'r's Reply, ECF No. 42. Petitioner reiterated her previous arguments. She noted that she should be awarded interim attorneys' fees and costs because of the protracted nature of the proceeding, because the case involved expert testimony, and because the case imposed undue hardship on her counsel. She cited *Kirk v. Secretary of Health and Human Services*, No. 08-241V, 2009 WL 775396 (Fed. Cl. Spec. Mstr. Mar. 17, 2009) for the proposition that interim fees are due when "petitioners *or their counsel* will suffer an undue hardship." Pet'r's Reply, ECF No. 42, at 7 (emphasis in original).

Five months later, on November 1, 2016, Petitioner filed a Supplement to her Application for Interim Attorneys' Fees and Costs. ECF No. 52. In her Supplement, Petitioner noted that she will need to finance another expert report after Respondent files another report pursuant to the October 18, 2016 Scheduling Order. In addition, she argued, the case had now been pending for over two years. Since the filing of her reply, Petitioner had filed another expert report, from Dr. Yehuda Shoenfeld, and would need another in the coming year. With Dr. Shoenfeld's report and attorneys' fees, the total amount requested by Petitioner was $51,696.31.

The undersigned finds that Petitioner is entitled to an award of interim attorneys' fees and costs under the unique facts and circumstances of this case. See Butler v. Sec'y, HHS, No. 02-1051, 2012 WL 4458203 (Fed. Cl. Spec. Mstr. June 25, 2012) (awarding interim attorneys' fees and costs over respondent's objection); Shaw v. Sec'y, HHS, 609 F.3d 1372, 1375 (Fed. Cl. 2010) (holding that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees"). The undersigned finds that the costs of litigation in this case has imposed an undue hardship on Petitioner's counsel, and that Petitioner's request is reasonable.

**Accordingly, the undersigned hereby awards interim fees and costs in the amount of $51,696.31 issued in the form of a check payable jointly to Petitioner and Petitioner's attorney, Andrew D. Downing, of Van Cott & Talamante, PLLC, Phoenix, Arizona.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.