# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  September 18, 2019

```
* * * * * * * * * * * * * *
AUTUMN DECKER,                    *        No. 15-017V
                                  *
            Petitioner,           *        Special Master Sanders
                                  *
v.                                *
                                  *        Decision; Interim Attorneys'
SECRETARY OF HEALTH               *        Fees and Costs; Reduction of
AND HUMAN SERVICES,               *        Billable Hours; Reduction of Costs.
                                  *
            Respondent.           *
* * * * * * * * * * * * * *
```

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 19, 2019, Autumn Decker ("Petitioner") filed a second motion for interim fees and costs, requesting $204,571.78 in interim attorneys' fees and costs for her counsel, Mr. Andrew Downing.  Mot. Int. Att'ys' Fees & Costs, ECF No. 116.  On March 23, 2019, Respondent filed his response to Petitioner's motion.  Resp't's Resp., ECF No. 121.  In his response, Respondent stated that he "defers to the special master regarding whether the statutory requirements for an award of attorney's fees and costs are met in this case."  Id. at 2.  For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's counsel at this time.

## I.    Procedural History

This case was originally assigned to Special Master Hamilton-Fieldman.  ECF No. 4.  On January 7, 2015, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioner alleges that she suffers from amenorrhea, Hashimoto's thyroiditis, and premature ovarian failure as the result of the Hepatitis A vaccine she received on July 16, 2013.  Pet. at 1–5, ECF No. 1.  At the time of filing, and throughout the entirety of this case, Petitioner has been represented by Mr. Downing.

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Following the filing of the petition, Petitioner worked to obtain and file medical records relevant to her case. Pet'r's Exs. 1–14, ECF Nos. 7, 11, 15, 18. On May 27, 2015, Petitioner filed the statement of completion. ECF No. 19. Petitioner thereafter filed an additional set of medical records on June 24, 2015. Pet'r's Ex. 15, ECF No. 20. Respondent filed the Rule 4(c) Report on July 6, 2015, recommending that compensation be denied. ECF No. 21. A status conference was held on July 15, 2015, at which time Special Master Hamilton-Fieldman directed Petitioner to submit an expert report in support of her claim on or before July 29, 2015. ECF No. 22.

Petitioner submitted an initial expert report from James Wheeler, M.D., on July 21, 2015. Pet'r's Ex. 16, ECF No. 23-1. The supporting medical articles were filed on August 7, 2015. Pet'r's Exs. 19–30, ECF Nos. 25, 26. On December 4, 2015, Respondent filed two responsive reports, one from David Frankfurter, M.D., and one from Patrizio Caturegli, M.D. Resp't's Exs. A, C, ECF Nos. 30-1, 30-3. Petitioner thereafter filed a rebuttal expert report from Dr. Wheeler (along with additional medical literature) on January 15, 2016. Pet'r's Exs. 31–49, ECF Nos. 32, 33. On June 27, 2016, Petitioner retained a second expert, Yehuda Shoenfeld, M.D., and filed an additional expert report in support of her claim. Pet'r's Ex. 50, ECF No. 43-1. Respondent filed a responsive expert report from Dr. Caturegli on October 3, 2016. Resp't's Ex. E, ECF No. 50-1.

On December 28, 2016, Special Master Hamilton-Fieldman awarded Petitioner interim attorneys' fees and costs in this matter totaling $51,696.31. ECF No. 56. The case was thereafter reassigned to me on January 10, 2017. ECF No. 58.

Following reassignment, Respondent retained a third expert, Edward Cetaruk, M.D. Respondent filed Dr. Cetaruk's expert report and supporting medical literature on March 16, 2017. Resp't's Exs. F–H, ECF Nos. 64–66. Petitioner thereafter filed a responsive report from a third expert, Steven Pike, M.D., on June 29, 2017. Pet'r's Ex. 92, ECF No. 71-1. The accompanying medical literature was filed on July 6, 2017. Pet'r's Exs. 94–110, ECF Nos. 73–74. Respondent filed a final responsive report from Dr. Cetaruk on September 18, 2017. Resp't's Ex. I, ECF No. 77.[3]

On April 12, 2018, I set this matter for hearing on February 26–28, 2019. ECF Nos. 82, 85. The parties completed the pre-hearing filings by early February 2019, and the hearing took place as scheduled. Post-hearing briefs were filed on June 7, 2019, and September 5, 2019, respectively. ECF Nos. 125, 127.

This matter is ripe for consideration.

## II.   Availability of Interim Attorneys' Fees and Costs

### A.  Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith and there was a reasonable basis for which the petition

---

[3] Petitioner filed supplemental medical records throughout the lifespan of the case. ECF Nos. 24, 81, 88, 106, 108, 109, 115.

was brought." 42 U.S.C. § 300aa-15(e)(1).  Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of fees and costs is met.

### B.  Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  The court noted that such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.*  Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim . . . ." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Applying these standards, an award of interim attorneys' fees and costs is reasonable and appropriate in this case.  To date, Petitioner has submitted multiple expert reports and numerous exhibits in support of her petition.  In addition, an entitlement hearing was held in this case in late February 2019.  Due to a multitude of factors, however, many cases in the Program are not proceeding as quickly as they may have in the past.  *See Miles v. Sec'y of Health & Human Servs.*, No. 12-254V, 2017 WL 4875816, at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) (where an entitlement hearing was scheduled for later the same month, the special master noted that "[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Human Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").  Based on the number and nature of cases filed in the Program to date, at this time, a written decision on entitlement will likely not be issued until 2020.  Petitioner's counsel has requested over $200,000.00 in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009).  Therefore, I find an award of interim attorneys' fees and costs to be reasonable and appropriate in this matter.

## III.   Reasonable Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees under the Vaccine Act.  *Avera*, 515 F.3d at 1348.  This is a two-step process. *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing

records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

### A. Reasonable Rates

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates. *Avera*, 515 F.3d at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *18–19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience in the Vaccine Program, as well as the quality of the work performed. *Id.* at *17. The *McCulloch* rates have been updated for subsequent years and are accessible on the Court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the attorneys and paralegals who have worked on this matter to date:
- Andrew Downing:
  - 2016 – $350
  - 2017 – $375
  - 2018 – $385
  - 2019 – $385
- Courtney Van Cott:
  - 2017 – $195
  - 2018 – $205
  - 2019 – $205
- Paralegals:
  - Robert Cain
    - 2017 – $135
    - 2018 – $135
    - 2019 – $135
  - Danielle Avery
    - 2016 – $100
    - 2017 – $135
    - 2018 – $135
    - 2019 – $135

The Van Cott & Talamante firm is located in Phoenix, Arizona, thus forum rates apply. *See, e.g., Gordon v. Sec'y of Health & Human Servs.*, No. 17-743V, 2019 WL 3890163, at *2 (Fed. Cl. Spec. Mstr. July 25, 2019); *Decker v. Sec'y of Health & Human Servs.*, No. 17-853V, 2019 WL 1923650, at *2 (Fed. Cl. Spec. Mstr. Apr. 11, 2019); *Sheridan v. Sec'y of Health & Human Servs.*, No. 17-669V, 2019 WL 948371, at *2 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); *Zumwalt v. Sec'y of Health & Human Servs.*, No. 16-994V, 2018 WL 6975184, at *3 (Fed. Cl. Spec. Mstr. Nov. 27, 2018). I find that the rates requested herein are consistent with what these individuals

have been previously awarded in the Program and that the rates are reasonable in light of *McCulloch. See, e.g., Gordon*, 2019 WL 389 0163, at \*2; *Sheridan*, 2019 WL 948371, at \*2; *Patel v. Sec'y of Health & Human Servs.,* No. 16-848V, 2019 WL 2296818, at \*4 (Fed. Cl. Spec. Mstr. Apr. 11, 2019). Accordingly, the above-noted rates will be awarded without reduction.

### ii. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. *Avera*, 515 F.3d at 1348. As outlined below, I have determined that a reduction in the number of hours requested is appropriate for excessive billing. As the case law dictates, "[c]ounsel should not include in their fee requests hours that are 'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434).

Two attorneys and two paralegals billed hours in this case. As other special masters have noted, this type of staffing model leads to inefficiency and unnecessary billing entries. *See, e.g., Rice v. Sec'y of Health & Human Servs.*, No. 15-1335V, 2018 WL 4784563, at \*2 (Fed. Cl. Spec. Mstr. Aug. 27, 2018). For instance, Mr. Downing and Ms. Van Cott billed hours for intraoffice communications, including conferences and discussions with each other regarding case progression, which are not compensable in the Program. *See, e.g.*, Pet'r's Ex. A at 29 (12/11/2018 entry from Ms. Van Cott noting "[m]eet with ADD regarding Respondent's [p]re-hearing [s]ubmission and our [r]eply [b]rief"), 6 (12/11/2018 entry from Mr. Downing noting "[d]rafting work re: reply brief on prehearing submissions; meet with CVC re: same"), 6–7, 28–32; *see also Davis v. Sec'y of Health & Human Servs.*, No. 15-159V, 2017 WL 877277, at \*6 (Fed. Cl. Spec. Mstr. Feb. 7, 2017). Ms. Van Cott and Mr. Downing also billed time for attending the same conference calls with Petitioner. *See, e.g.*, Pet'r's Ex. A at 6 (10/22/2018 entry from Mr. Downing noting a call with Petitioner), 29 (10/22/2018 entry from Ms. Van Cott noting the same phone call with Petitioner and Mr. Downing), 7, 30. In addition to the above, firm paralegals billed time for filing documents and reviewing CM/ECF notifications. *See, e.g., id.* at 15 (1/10/2017 entry indicating paralegal "fil[ed] Notice of Filing . . . [and] receive[d] and review[ed] Court's ECF notification"), 16–19, 21, 23–27. This type of clerical work is not compensable in the Program. *See, e.g., Smithson v. Sec'y of Health & Human Servs.*, No. 13-735V, 2019 WL 4271975, at \*4 (Fed. Cl. Spec. Mstr. Aug. 15, 2019). For these reasons, I will decrease Petitioner's requested attorneys' fees ($102,897.50 in total) by **$2,000.00**. The remainder of the work detailed in counsels' billing logs is reasonable and I will award the remainder of time requested without reduction.

### B. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Mr. Downing has requested $101,674.28 in interim attorneys' costs. The significant majority of the requested costs ($78,045.53 in total) is related to obtaining expert reports. *See* Mot. Int. Att'ys' Fees & Costs at 2, ECF No. 116. As detailed above, Petitioner retained the services of three experts to opine in this matter: Dr. Wheeler, Dr. Shoenfeld, and Dr. Pike. *Id.* Dr. Wheeler billed at an hourly rate of $400 per hour for work related to this matter. Pet'r's Ex. A at 46, 60-61. Dr. Shoenfeld billed at an hourly rate of $500 per hour. *Id.* at 49, 94. These rates are consistent with what Drs. Wheeler and

Shoenfeld have been awarded in past Program cases. *See, e.g.*, *Todish v. Sec'y of Health & Human Servs.*, No. 16-275V, 2019 WL 3731439, at *2 (Fed. Cl. Spec. Mstr. July 10, 2019); *Decker v. Sec'y of Health & Human Servs.*, No. 15-017V, 2016 WL 8077961, at *1 (Fed. Cl. Spec. Mstr. Dec. 28, 2016). Accordingly, the hourly rates requested herein for their work will be awarded without reduction. The hours billed by both experts are also reasonable and will be reimbursed in full.

Petitioner's third expert, Dr. Pike billed at an hourly rate of $475 per hour for work related to this matter. Mot. Int. Att'ys' Fees & Costs at 2, ECF No. 116. When determining a reasonable hourly rate for expert work, an expert's professional qualifications and relevant experience can be considered. *See, e.g.*, *Homick v. Sec'y of Health & Human Servs.*, No. 15-1529, 2018 WL 3991376, at *13 (Fed. Cl. Spec. Mstr. June 26, 2018). Dr. Pike is employed with the Carondelet Heath Network in Arizona. Pet'r's Ex. 93 at 6–7, ECF No. 71-2. He is board-certified in medical toxicology and emergency medicine. *Id.* at 1. According to his curriculum vitae, he has over thirty years of medical practice experience. *Id.* at 6. In addition to a medical degree, he also holds a Juris Doctor and two master's degrees. *Id.* at 1. Dr. Pike has taught university classes and published in the field of toxicology. *Id.* at 12–14. Based on my review of his credentials and submissions, I find Dr. Pike to be a competent expert whose reports offered a valuable perspective in this matter. I find the hourly rate requested for Dr. Pike's work (along with the number of hours requested) to be reasonable and I will award the amount without reduction.

The remainder of the requested costs include medical record requests, mileage costs, copying and postage charges, and travel expenses. Pet'r's Ex. A at 33–39. These costs represent ordinary Vaccine Program litigation expenses. Based on my review of the billing record, however, I will make one reduction to airfare charges requested for Petitioner's counsel. Mr. Downing flew first class on a flight from Charlotte, NC, to Washington, D.C. Pet'r's Ex. A at 67. Such an expense is not appropriate for reimbursement. *See, e.g.*, *Castaneda v. Sec'y of Health & Human Servs.*, No. 15-1066V, 2018 WL 9457462, at *9 (Fed. Cl. Spec. Mstr. June 21, 2018) (denying fees for upgraded seats during air travel); *Gramza v. Sec'y of Health & Human Servs.*, No. 15-247V, 2017 WL 3574794, at *5 (Fed. Cl. Spec. Mstr. June 28, 2017) (same). Accordingly, I will deduct **$300.00** for travel-related expenses. I find the remainder of costs requested to be reasonable and I will award them in full.

## IV.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I award Mr. Downing $100,897.50 in interim attorneys' fees, plus $101,374.28 in interim costs as follows:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $102,897.50 |
| (Reduction) | -$2,000.00 |
| **Interim Attorneys' Fees Awarded** | **$100,897.50** |
| | |
| Interim Costs Requested | $101,674.28 |
| (Reduction) | -$300.00 |
| **Interim Costs Awarded** | **$101,374.28** |

| Total Amount Awarded | $202,271.78 |
|---|---|

Accordingly, I will award the total of **$202,271.78** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Andrew Downing, of Van Cott & Talamante, for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.