# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 23, 2023

```
* * * * * * * * * * * * * *
AUTUMN DECKER,                *    No. 15-17V
                              *
           Petitioner,        *    Special Master Sanders
                              *
v.                            *
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
           Respondent.        *
* * * * * * * * * * * * * *
```

*Andrew Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.
*Lara Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On January 7, 2015, Candie Decker, mother of Autumn Decker ("Petitioner"), filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Pet. at 1, ECF No. 1. On October 25, 2017, Petitioner attained the age of majority, and the caption was appropriately amended. ECF No. 79. Petitioner alleged that the Hepatitis A vaccine ("HAV") she received on July 16, 2013, caused her to suffer from Hashimoto's thyroiditis and premature ovarian failure ("POF"). Pet. at 1–5.

I held an entitlement hearing in this case on February 26, February 27, and February 28, 2019. *See* ECF No. 97. On December 14, 2020, I issued a ruling on entitlement finding that Petitioner was entitled to compensation. Ruling on Entitlement, ECF No. 133.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program").

1

On June 9, 2023, Respondent filed a Proffer on Award of Compensation ("Proffer"). Proffer, ECF No. 162. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioner:

a. **[A] lump sum payment of $259,279.47, representing compensation for life care expenses expected to be incurred during the first year after judgment ($1,918.45), pain and suffering ($250,000.00), and past unreimbursable expenses ($7,361.02) in the form of a check payable to [P]etitioner[.] This amount represents all elements of compensation to which [P]etitioner is entitled under 42 U.S.C. § 300aa-15(a).**

b. **An amount sufficient to purchase an annuity contract[ described in Section (II)(B) of Appendix A] that will provide payments for the life care items contained in the life care plan, . . . paid to the life insurance company from which the annuity will be purchased.**

Proffer at 2–4.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| AUTUMN DECKER, | ) |
| Petitioner, | ) |
| v. | ) No. 15-17V |
|  | ) Special Master Sanders |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) |
| Respondent. | ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 7, 2015, Autumn Decker ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered from Hashimoto's thyroiditis and premature ovarian failure as a result of receiving the Hepatitis A vaccine on July 16, 2013. Petition at 1-5. On December 14, 2020, Special Master Sanders issued an entitlement decision in favor of petitioner. ECF No. 133. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

**I.      Items of Compensation**

     A.      Life Care Items

Respondent engaged life care planner Laura Fox, MSN, BSN, RN, CNLCP, and petitioner engaged James Wheeler, M.D., MPH, JD, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine injury" is

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's December 14, 2020 ruling on entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

as described in the Special Master's December 14, 2020 Ruling on Entitlement. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Autumn Decker, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

    B.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $250,000.00 in actual pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    C.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $7,361.02. Petitioner agrees.

## II. **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

    A. A lump sum payment of $259,279.47, representing compensation for life care expenses expected to be incurred during the first year after judgment ($1,918.45), pain and suffering ($250,000.00), and past unreimbursable expenses ($7,361.02) in the form of a check payable to petitioner, Autumn Decker.

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Autumn Decker, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Autumn Decker, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Autumn Decker's death.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.** **<u>Summary of Recommended Payments Following Judgment</u>**

A. Lump Sum paid to petitioner, Autumn Decker: **$259,279.47**

B. An amount sufficient to purchase the annuity contract described above in section II.B.

          Respectfully submitted,

          BRIAN M. BOYNTON
          Principal Deputy Assistant Attorney General

          C. SALVATORE D'ALESSIO
          Director
          Torts Branch, Civil Division

          HEATHER L. PEARLMAN
          Deputy Director
          Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail:  lara.a.englund@usdoj.gov

Dated:  June 9, 2023